In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-240 CV


____________________



IN RE RANDY HALL AND R. H. BUILDERS, INC.







Original Proceeding






MEMORANDUM OPINION


 The underlying litigation is a suit for breach of contract and to recover damages for
construction defects and for deceptive trade practices. See Tex. Prop. Code Ann. §
27.002 (Vernon Supp. 2005); Tex. Bus. & Com. Code Ann. §§ 17.46(b)(5), (7),
17.50(a)(2) (Vernon 2002 & Supp. 2005). The relators, Randy Hall and R. H. Builders,
Inc., agreed to mediate their dispute with the real parties in interest, Thomas Bravenec and
Peggy Bravenec, and further agreed not to file any motions while the case was being
mediated. After the trial court signed the agreed order for mediation, the relators moved
to dismiss the action on jurisdictional grounds. The motion contends the trial court lacks
jurisdiction over the controversy because the Bravenecs failed to comply with a statutory
prerequisite to initiating an action for damages arising from an alleged construction defect
by exhausting their administrative remedies. See Tex. Prop. Code Ann. § 426.005
(Vernon Supp. 2005). The record provided to this Court bears no indication of an ongoing
proceeding before the Residential Construction Commission, and the trial court has not
ruled on the substance of the motion to dismiss. The court states in its order that the court
will "take up" the motion to dismiss if mediation is unsuccessful. The trial court merely
enforced the parties' agreement not to file motions until after they participated in the
agreed mediation. The order at issue in this petition involves an incidental procedural
ruling for which mandamus is not appropriate. 

 In an amended motion to stay, the relators say discovery is proceeding, and they ask
that we stay the discovery. Relators do not tell us whether the discovery is limited to the
jurisdictional issues, nor do they provide us with the Rule 11 agreed order. They do not
say mediation has been completed. The trial court's order of May 9, 2005 says the parties
have agreed and the court has ordered depositions postponed until after mediation. 
Relators have not shown this Court they have asked the trial court to further stay or limit
the discovery. 

 Accordingly, the motion for emergency relief and the petition for writ of mandamus
are denied.



 WRIT DENIED.

 PER CURIAM

 

Opinion Delivered June 10, 2005

Before Gaultney, Kreger and Horton, JJ.